UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ZOOLOGICAL SOCIETY OF BUFFALO, INC.,

                                  Plaintiff,                      10-CV-35A (Sr)

v.

CARVEDROCK, LLC and
BURLINGTON INSURANCE COMPANY,

                                  Defendants.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #29.

Currently before the Court is nonparty Travelers Indemnity Company's ("Travelers'"), motion for a protective order and to quash a subpoena served upon it by defendant Burlington Insurance Company ("Burlington"), as well as a request for costs and attorneys' fees (Dkt. #62), and Burlington's motion to compel compliance with the subpoena and for costs and attorneys' fees. Dkt. #68. For the reasons set forth below, the motion to compel is denied, the protective order is granted, the subpoena is quashed and attorneys' fees are awarded to Travelers.

**BACKGROUND**

As set forth in the complaint in the underlying state action, *Oldread v. Carved Rock, LLC and Buffalo Zoological Society of Buffalo, Inc.*, Index No. 2009-4772 (N.Y. Sup. Ct., Erie Cty), David Oldread was injured while working as a laborer on the construction of the South American Rainforest exhibit at the Zoological Society of Buffalo, Inc. ("Buffalo Zoo"), on April 16, 2008. Carvedrock, LLC ("Carvedrock"), is a specialty concrete company incorporated in the State of Washington, which was working on the project under a subcontract with the general contractor, Manning Squires Henning ("MSH").

Travelers, as the insurer of the Buffalo Zoo and MSH, tendered the defense and indemnification of Mr. Oldread's personal injury action to Carvedrock's insurance carrier, Burlington, on the ground that the contract between MSH and Carvedrock required Carvedrock to name MSH and the Buffalo Zoo as additional insureds. Dkt. #1, p.89. Burlington disclaimed coverage. Dkt. #1, p.93. As a result, the Buffalo Zoo commenced this action seeking a declaration of rights under the Burlington policy. Dkt. #1.

On January 29, 2013, Burlington issued a subpoena to Travelers requesting documents and seeking deposition testimony regarding the following topics:

1. insurance policies issued by Burlington to Carvedrock;

2. insurance policies issued by Travelers to the Buffalo Zoo;

3. documents and communications between or among Travelers, the Buffalo Zoo and Carved Rock pertaining to the *Oldread* litigation;

4. documents and communications between or among Carved Rock, MSH and the Buffalo Zoo pertaining to the scope of work to be performed for the Buffalo Zoo;

5. documents and communications between or among Carved Rock, Burlington, the Buffalo Zoo, Travelers and/or MSH pertaining to the *Oldread* litigation, including insurance coverage;

6. documents and communications between or among Travelers and other persons or entities regarding the *Oldread* litigation, including insurance coverage;

7. this litigation; and

8. Travelers' role in defending the Buffalo Zoo in the underlying *Oldread* litigation and prosecuting the instant action.

Dkt. #62-3. The parties stipulated to extend Travelers' deadline to respond to the subpoena until March 12, 2013. Dkt. #60. Travelers objected to Burlington's subpoena on the ground that the information sought was irrelevant to the only issue in this action, *to wit*, whether the Buffalo Zoo qualifies as an additional insured under the Burlington policy and is entitled to defense and indemnification in the *Oldread* litigation. Dkt. #62-1, ¶ 16. In a good faith effort to resolve the dispute, Travelers offered to produce its policy with the Buffalo Zoo in effect at the time of Mr. Oldread's injury; the pleadings from the *Oldread* litigation; and tender and disclaimer letters related to the *Oldread* litigation. Dkt. #62-1, ¶ 21.

Counsel for the Buffalo Zoo declares that Burlington has not demanded discovery from the Buffalo Zoo of any of the documents it seeks by subpoena of Travelers. Dkt. #72-2, ¶ 4.

## DISCUSSION AND ANALYSIS

Travelers argues that the subpoena is unduly burdensome and seeks information which is either irrelevant, privileged or obtainable from the parties to this action. Dkt. #62-4. Travelers argues that because the only issue pending in this declaratory judgment action is whether the Buffalo Zoo qualifies as an additional insured under the Burlington policy and is entitled to defense and indemnification from Burlington in the *Oldread* litigation, the only relevant documentation is the complaint in *Oldread*, the contract between Carved Rock and MSH and the Burlington policy issued to Carved Rock. Dkt. #62-4, p.2. Travelers asserts that its policy would only become relevant if it prevails in this action and the Court determines that the Buffalo Zoo is an additional insured under the Burlington policy. Dkt. #62-4, p.2. At that point, Travelers argues that the Court would need only to reference the contract between MSH and Carved Rock and the Burlington and Travelers insurance policies to determine priority of coverage. Dkt. #62-4, p.2. Travelers argues that each of these documents can be discovered from the parties to this declaratory judgment action without the need for document production or deposition testimony from a nonparty. Dkt. #62-4, p.2.

Burlington responds that although the Buffalo Zoo is the named party in this action, Travelers is the real party in interest. Dkt. #67, p.5. Burlington claims that

-4-

the Buffalo Zoo is not entitled to coverage as an additional insured under Burlington's policy with Carved Rock because Carved Rock did not enter into an indemnity contract with the Buffalo Zoo. Dkt. #67, pp.5-6. To the extent that its policy may be deemed applicable, Burlington argues that it will seek contribution, which renders discovery of Travelers appropriate. Dkt. #67, p.9.

Travelers replies that this action does not seek contribution, but only seeks a determination as to whether the Buffalo Zoo qualifies as an additional insured under Carved Rock's insurance policy with Burlington. Dkt. #72-3, p.1. Travelers also argues that Burlington has failed to proffer any basis for obtaining the contents of Travelers claim file. Dkt. #72-3, p.4.

"The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." *Syposs v. U.S.*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998); *See Weinstein v. University of Connecticut*, No. 07 Civ. 3219, 2012 WL 3443340, at *2 (D. Conn Aug. 15, 2012) (*citing* Advisory Committee Notes to 1970 Amendments to Rule 45 stating that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." "As discovery under the Federal Rules is limited in scope to that which is relevant to any party's claim or defense . . . the court may also quash or modify a subpoena that calls for irrelevant information." *GMA Accessories, Inc., v. Electric*

*Wonderland, Inc.*, 2012 WL 1933558, at *5 (S.D.N.Y. May 22, 2012). The burden is upon the party issuing the subpoena to demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. *Corbett v. eHome Credit Corp.*, No. 10-CV-26, 2010 WL 3023870, at *2 (E.D.N.Y. Aug. 2, 2010); *Kingsway Financial Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008).

As the Court has previously determined, the sole issue before this Court is "whether the insurance policy Burlington issued to Carvedrock affords insurance coverage to the Buffalo Zoo with respect to Mr. Oldread's claim against Carvedrock and the Buffalo Zoo." Dkt. #69, p.6. The only information requested by Burlington which could possibly be relevant to this issue is the contracts between the Buffalo Zoo, MSH and Carved Rock and, should the Buffalo Zoo prevail in this action, the Travelers insurance policy currently defending the Buffalo Zoo. As set forth in Fed. R. Civ. P. 26(b)(2)(C)(I), however, courts are required to limit discovery if, *inter alia*, it "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See Wells Fargo Bank, N.A. v. Konover*, No. 05CV1924, 2009 WL 585430, at * 7 (D. Conn. 2009) ("All discovery is subject to the limitations imposed by Rule 26(b). . ."). Similarly, Fed. R. Civ. P. 45(d)(3)(A)(iii) requires the Court to quash or modify a subpoena that subjects a person to undue burden. Because the contracts between the Buffalo Zoo and Carved Rock and the insurance policy currently defending the Buffalo Zoo could easily have been requested of the Buffalo Zoo during the normal course of discovery, the Court finds this subpoena unduly burdensome. *See Corbett*, 2010 WL

3023870, at *4 ("Since the information sought by subpoena is," inter alia, "easily obtainable from another source, and, at best, tangential to the claims at issue in this case, the burden imposed by the third-party subpoenas outweighs any likely benefit to Corbett in prosecuting the instant action."); Burns v. Bank of America, 2007 WL 1589437, at *4 (S.D.N.Y. June 4, 2007) (If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45).

As set forth in Rule 45(d)(1) of the Federal Rules of Civil Procedure, when a party issues a subpoena without taking "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," the court must "impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on [the] party or attorney who fails to comply." See Molefi v. Oppenheimer Trust, No. 03 CV 5631, 2007 WL 538547, at *3 (E.D.N.Y. Feb. 15, 2007) (expressing "little doubt . . . that Rule 45[d](1) was intended to apply to the service of unduly burdensome subpoenas on nonparties."). Accordingly, Burlington shall be required to reimburse Travelers the reasonable costs incurred in responding to Burlington's subpoena, including reasonable costs incurred in filing this motion.

## **CONCLUSION**

For the reasons set forth above, Traveler's motion for a protective order and to quash the subpoena (Dkt. #62), is granted and Burlington's motion to compel (Dkt. #68), is denied. Burlington shall reimburse Travelers the reasonable costs

incurred in responding to Burlington's subpoena, including the reasonable costs incurred in filing this motion. If the parties are unable to agree to the amount of reasonable expenses incurred, Travelers shall submit an affirmation setting forth such costs no later than November 22, 2013.

**SO ORDERED.**

DATED:   Buffalo, New York
         October 15, 2013

                                                    **s/ H. Kenneth Schroeder, Jr.**
                                                    **H. KENNETH SCHROEDER, JR.**
                                                    **United States Magistrate Judge**