**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

ZOOLOGICAL SOCIETY OF BUFFALO, INC.,

           Plaintiff,

    v.                                      10-CV-35-A(Sr)
                                          **DECISION AND ORDER**

CARVEDROCK, LLC and
BURLINGTON INSURANCE COMPANY,

           Defendants.
_____

This insurance coverage dispute stems from a 2008 accident in which an employee of CarvedRock, LLC, a specialty concrete company, fell from scaffolding during construction of a new exhibit at the Zoological Society of Buffalo ("the Zoo"). The employee brought a personal injury action against the Zoo and CarvedRock in New York Supreme Court. The Zoo then filed this action against CarvedRock and CarvedRock's insurer, Burlington Insurance Company, seeking a declaration that the Zoo is an additional insured on CarvedRock's insurance policy. For the reasons stated below, the Court holds that the Zoo is not an additional insured on CarvedRock's policy from Burlington. The Court therefore adopts the Report and Recommendation in its entirety.

## Background

In 2006, the Zoo entered into a contract with Manning Squires Henning (MSH) to serve as general contractor for construction of the Zoo's new rainforest

exhibit.  MSH then entered into a subcontract with CarvedRock, LLC, which required CarvedRock to obtain Commercial General Liability (CGL) insurance naming the Zoo and MSH as additional insureds.  CarvedRock obtained a CGL policy from Burlington Insurance.  That policy contains an endorsement which provides coverage to:

> Any person or organization with whom [CarvedRock] ha[s] agreed, in a written contract, that such person or organization should be added as an insured on [CarvedRock's] policy, provided such written contract is fully executed prior to the "occurrence" in which coverage is sought under this policy.

In the underlying personal injury action, the employee named the Zoo and CarvedRock as defendants.  The Zoo tendered its defense to Burlington, claiming that the Zoo was an additional insured on CarvedRock's policy.  Burlington, however, disclaimed coverage.  The Zoo filed this action seeking a declaratory judgment that it is an additional insured on Burlington's policy.

Magistrate Judge Schroeder, to whom the Court referred the case pursuant to 28 U.S.C. § 636(b), filed a Report and Recommendation which recommends holding that the Zoo is not an additional insured on CarvedRock's policy.  The Zoo filed timely objections, and the Court heard oral argument on July 25, 2014.  Because the case is before the Court on a dispositive motion, the Court must review the Report and Recommendation *de novo*.  *See* 28 U.S.C. § 636(b)(1).

**Discussion**

The legal issue here is very straightforward.  The Court is asked to interpret the additional insured endorsement contained in the insurance policy from CarvedRock's insurer, Burlington, which, as noted above, provides coverage for "[a]ny person or organization with whom [CarvedRock] ha[s] agreed, in a written contract, that such person or organization should be added as an insured on [CarvedRock's] policy."  The Zoo argues that the contract between CarvedRock and MSH, which requires CarvedRock to name the Zoo as an additional insured on CarvedRock's policy, is sufficient to satisfy the endorsement's language covering "any . . . organization with whom [CarvedRock] ha[s] agreed, in a written contract."  Burlington, on the other hand, argues that the endorsement requires that there be a contract between the Zoo and CarvedRock.

The parties' disagreement in this case largely centers around which New York Supreme Court cases to have addressed this issue are more persuasive.  The Court agrees with Magistrate Judge Schroeder that those cases which require that there be a contract between the named insured and the putative insured more accurately interpret the endorsement.  The endorsement in this case provides that additional insureds include only those "with whom" CarvedRock has entered into "a written contract."  The Zoo urges the Court to focus on the phrase "in a written contract."  However, the Court cannot read this clause in isolation from the remainder of endorsement.  The endorsement as a whole plainly requires not only

that there be a "written contract," but that that "written contract" be between CarvedRock and the putative insured.  If the phrase "with whom [CarvedRock] ha[s] agreed" contained a different preposition—if, for example, the word "for" were substituted for the word "with"—then the Zoo might have a stronger argument.  However, the Court must interpret the endorsement as it is written.  *See White v. Continental Cas. Co.*, 9 N.Y. 3d 264, 267 (2007) ("As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning.")  Thus, because the Zoo is not a party "with whom" CarvedRock has contracted, Dkt. No. 90-1 ¶ 20, the Court holds that the Zoo is not an additional insured under the policy issued by Burlington to CarvedRock.

As a final matter, in its cross-motion for summary judgment on the issue of the additional insured endorsement, Burlington also requested a declaration that it does not owe CarvedRock coverage with respect to the Zoo's claims against CarvedRock for contractual indemnity and breach of contract in the underlying state court action.  *See* Dkt. No. 90.  Magistrate Judge Schroeder concluded that this "determination is beyond the scope of the declaratory judgment action commenced by" the Zoo.  Dkt. No. 96 at 10.  Burlington did not object to this conclusion, and the Court therefore reviews it for clear error.  Finding none, the Court adopts this conclusion as its own.

## **Conclusion**

For the reasons stated above, the Court adopts the Report and Recommendation, Dkt. No. 96, in its entirety.  Therefore:

IT IS ORDERED that the Zoo's motion, Dkt. No. 89, is DENIED; and

IT IS FURTHER ORDERED that Burlington's motion, Dkt. No. 90, is GRANTED IN PART and DENIED IN PART.  Burlington's motion is granted to the extent that it seeks a declaration that Burlington does not owe additional insured coverage to the Zoo under the insurance policy that Burlington issued to CarvedRock.  Burlington's motion is denied to the extent that it seeks any further declaratory relief.

**SO ORDERED.**

DATED: July 29, 2014                                        s/Richard J. Arcara_____
Buffalo, New York
                                                                             HONORABLE RICHARD J. ARCARA
                                                                             UNITED STATES DISTRICT JUDGE